IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CORTEZ DEVONTE JONES,  # 274811,      :

      **Plaintiff,**                               :

**vs.**                                    :     **CIVIL ACTION 17-0254-WS-MU**

**TARA WILLIAMS,**                    :

      **Defendant.**                   :

## REPORT AND RECOMMENDATION

Plaintiff Cortez Devonte Jones, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

**I.  Complaint (Doc. 1).**

Jones filed this § 1983 complaint against one defendant, Tara Williams, a corporal with the City of Prichard Police Department.  (Doc. 1 at 6).  According to Jones, he is suing Williams for the "perjured" testimony she gave during his probation revocation proceeding on January 7, 2015.  (*Id* at 5).  He alleges that Williams gave two different statements to the court in her sworn testimony.  (*Id.* at 4, 6).  In one statement, Williams testified that she saw him at Circle K and fleeing from a vehicle after a high-speed chase.  (*Id.* at 4).  Then, in response his counsel's questions, Williams contradicted her prior statement when she stated that she did not see Jones at Circle K

and did not see him fleeing from the vehicle after a high-speed chase.  (*Id*. at 4-5).  He also conveys that Williams told the judge that she was confident she saw him at the Circle K and fleeing the vehicle.  (*Id*. at 5).

Jones maintains that he was convicted by Williams's testimony.  (*Id.*).  For this, he requests "the Court to do the best they can, and give me the right Justice in this case."  (*Id*. at 8).  He adds that because he was not present at the hearing, he did not discover the inconsistency in her testimony until he received his trial transcript on September 30, 2016.  (*Id*. at 4, 6).

In screening Jones's *in forma pauperis* complaint under to 28 U.S.C. § 1915(e)(2)(B), the Court determined more information from Jones was needed to complete the screening.  To obtain the information, the Court propounded questions to Jones and ordered him to answer them under penalty of perjury.[1]  (Doc. 4).  Jones filed his answers to the questions, but he did not answer them under penalty of perjury.  (Doc. 6).

The information Jones provided reflects that his probation was revoked on January 7, 2015, and this revocation serves as the basis for his present incarceration.  (*Id.* at 1, ¶ 1).  Revocation charges were filed against Jones because he was charged with the new offenses of third-degree theft of property, reckless endangerment, attempt to elude, and failure to pay supervision fees and court-ordered monies.  (*Id.* at 2, ¶ 2).  These offenses are the bases for his probation revocation.  (*Id.* at 2, ¶ 4).  The charge

---

[1]  In *Watson v. Ault,* 525 F.2d 886 (5th Cir. 1976), questions "in the nature of a motion for more definite statement . . . [so] the court may assess the factual and legal bases of the claim asserted" was recommended.  *Id.* at 892.  "Because the answers to the question[s] will effectively amplify the original allegations in the prisoner's complaint, . . . they are an integral part of that complaint . . . ."  *Id.*; *accord Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent the decisions of the former Fifth Circuit rendered before October 1, 1981).

of third-degree theft of property was "thrown out" for lack of a complaint, and he was sentenced on the reckless endangerment charge to twelve days, time served, and on the attempt to elude charge to seven days, time served. (*Id.* at 2, ¶ 3).

Jones identifies Williams as the only witness to testify at his probation revocation hearing. (*Id.* at 2, ¶5). He relates that Williams initially stated that, at the Circle K crime scene, she never saw the vehicle's driver, and at the scene of the car wreck, she did not see Jones's face. (*Id.*). After he was arrested and taken to Williams, she said that he was the driver of the vehicle and that her identification was based on the dark clothing he was wearing. (*Id.*). Williams told the judge that she is confident she saw Jones at Circle K and flee the car wreck. (*Id.*).

In response to being told that his prior request for relief was insufficient and that he must state what he wants the Court to do for him if he wins, Jones stated: "Declaratory relief that states: the evidence at the Probation Revocation Hearing was insufficient to warrant revocation[, and] $15,000 in punitive damage[s] for perjured testimony by 'Tara Williams.'" (*Id.* at 3, ¶ 6).

The Court's last question to Jones inquired if his probation revocation had been invalidated and asked him to "[i]dentify the date and the entity that invalidated [his] probation revocation, if any." (Doc. 4 at 2). His response was that it "[d]oes not apply in this case." (Doc. 6 at 3, ¶ 7). Jones's response to this question indicates to the Court that his probation revocation has not been invalidated. Furthermore, a recent letter to the Court from Jones indicates that he is attempting to invalidate his probation revocation in municipal court. (*See* Doc. 7, stating that he filed a Rule 32 motion with Prichard Municipal Court on April 19, 2107, which has not "been accepted by the

Prichard Municipal Court," and requests legal advice from the Court as to whether he should filed a second Rule 32). In addition, the Court did not find any evidence in this action indicating that Jones's probation revocation has been invalidated.[2]

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Jones is proceeding *in forma pauperis*, the Court is reviewing his complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, *id.* at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. *Id.*[3]

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). And, when a successful affirmative defense, such as a statute of limitations, appears on

---

[2] The § 1983 complaint form asked Jones about the invalidation of his conviction or sentence. (Doc. 1 at 7). His answers indicate that no invalidation of them has occurred. (*Id.* at 7-8).

[3] *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B). *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

the face of a complaint, dismissal for failure to state a claim is also warranted.  *Jones v. Bock,* 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).  Furthermore, the court treats factual allegations as true, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.  *Iqbal*, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

## III.  Analysis.

### A.  Claim for Damages.

The claim brought by Jones is for Williams's "perjured" testimony in court that caused his probation to be revoked.  The Supreme Court in *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), held that "all witnesses-police officers as well as lay witnesses-are absolutely immune from liability based upon their testimony in judicial proceedings."  *Id.* at 328, 103 S.Ct. at 1111-12.  In *Briscoe*, the Court held that a police officer was entitled to absolute immunity from damages for his perjured testimony at trial.  *Id.* at 326, 103 S.Ct. at 1110-11.  The Court reasoned this grant of immunity was consistent with the common-law rule that provided immunity from damages to a

private party who testified in judicial proceedings even if the testimony was false. *Id.* at 330-331, 103 S.Ct. at 1113-14. At common law, the Court observed, absolute immunity from damages was given to "all persons-governmental or otherwise-who were integral parts of the judicial process." *Id.* at 335, 103 S.Ct. at 1115-16. The Court determined that an exception would not be carved out from the absolute immunity that protects judges, prosecutors and non-governmental witnesses who are involved in the trial process that brings litigation to an end. *Id.* at 344, 103 S.Ct. at 1121.

Thus, like the police officer in *Briscoe* who testified falsely at trial, a government official, such as a police officer, who testifies falsely at trial is entitled to absolute immunity from damages in a § 1983 action. *Jones v. Cannon,* 174 F.3d 1271, 1286 (11th Cir. 1999) (holding the detectives were absolutely immune from damages for their testimony during grand jury proceedings, pre-trial depositions, and the trial); *Freeze v. Griffith,* 849 F.2d 172, 174 (5th Cir. 1988) (holding the deputy sheriff was entitled to absolute immunity from damages for his allegedly false testimony); *Austin v. Borel,* 830 F.2d 1356, 1359 (5th Cir. 1987) (holding that "[w]itnesses, including police officers, who testify in judicial proceedings are . . . shielded by absolute immunity"); *Kizer v. Gordon*, 2012 WL 4711991, at *2 (M.D. Tenn. 2012) (unpublished) (finding a city police officer was entitled to absolute immunity from damages for his allegedly false testimony at the preliminary hearing); *Hall v. Elrod*, 2010 WL 2653227, at *4 (W.D. Ark. 2010) (unpublished) (finding that police officers were entitled to absolute immunity under *Briscoe* for giving false testimony at a probation revocation hearing and at a civil forfeiture proceeding), *adopted* 2010 WL 2653220, *aff'd* 399 F. App'x 136 (8th Cir. 2010). Accordingly, Williams is due to be granted absolute immunity from damages for

6

her allegedly perjured testimony at Jones's probation revocation hearing.  Thus, the

damages claim is due to be dismissed as frivolous.  *Clark v. Georgia Pardons & Paroles*

*Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (holding that a defendant's absolute

immunity supports the dismissal of a damages claim as frivolous); *cf.* 28 U.S.C. §

1915(e)(2)(B)(iii) (providing for the dismissal of an action that "seeks monetary relief

against a defendant who is immune from such relief").

### B.  Claim for Declaratory Relief.

In addition to requesting punitive damages, Jones requests declaratory relief that

would find "the evidence at the Probation Revocation Hearing was insufficient to warrant

revocation."  (Doc. 6 at 3, ¶ 6).  This request for declaratory relief challenges the validity

of Jones's probation revocation, and if this challenge were to be successful, his

revocation would be reversed and his release from incarceration would occur.

However,

> "[H]abeas corpus is the exclusive remedy for a state
> prisoner who challenges the fact or duration of his
> confinement and seeks immediate or speedier release."
> Thus, declaratory or injunctive relief claims which are in the
> nature of habeas corpus claims—i.e., claims which
> challenge the validity of the claimant's conviction or sentence
> and seek release—are simply not cognizable under § 1983.

*Abella v. Rubino,* 63 F.3d 1063, 1066 (11th Cir. 1995) (quoting *Preiser v. Rodriguez,*

411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.2d 439 (1973)).  "[I]f a claim can be

raised in a federal habeas petition, that same claim cannot be raised in a separate §

1983 civil rights action."  *Hutcherson v. Riley,* 468 F.3d 750, 754 (11th Cir.), *cert.*

*denied,* 549 U.S. 990 (2006).  "[Section] 1983 must yield to the more specific federal

habeas statute, with its attendant procedural and exhaustion requirements, where an

inmate seeks injunctive [or declaratory] relief challenging the fact of his conviction or the duration of his sentence." *Nelson v. Campbell,* 541 U.S. 637, 643, 124 S.Ct. 2117, 2122, 158 L.Ed.2d 924 (2004). Accordingly, Jones's declaratory relief request is a habeas claim that should be brought in a habeas action and, therefore, his declaratory relief request in this § 1983 action is frivolous as a matter of law and is due to be dismissed with prejudice.

### C. Alternate Basis for Dismissal Under *Heck*, *Balisok,* and *Wilkinson*.

An alternative ground on which to dismiss this action is found in the decisions of *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). The Court in *Heck* "specifie[d] that a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson*, 544 U.S. at 81, 125 S.Ct. at 1248. The *Heck* Court analogized the claim before it to an action for malicious prosecution, which "does not accrue until the criminal proceedings have terminated in the plaintiff's favor," and held "a § 1983 cause of action for damages attributable to an unconstitutional conviction[,] sentence[, or probation revocation] does not accrue until the conviction[,] sentence[, or probation revocation] has been invalidated." *Heck,* 512 U.S. at 489, 114 S.Ct. at 2374; *see Jackson v. Vannoy,* 49 F.3d 175, 177 (5th Cir.) (applying *Heck* to probation revocations), *cert. denied,* 516 U.S. 851 (1995); *Moncrieffe v. Broward Cty. State Atty. Office,* 516 F. App'x 806, 807 (11th Cir. 2013) (same).[4] An invalidated conviction,

---

[4] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

sentence, or probation revocation is one "that has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372.

The decision in *Heck, supra*, addressed § 1983 claims for damages. Subsequently, in *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court applied the reasoning in *Heck* to a § 1983 claim for damages and declaratory relief based on the loss of good-time credits and found that they were not recognized under § 1983 as the disciplinary had not been invalidated. *Id.* at 648, 117 S.Ct. at 1589. Later, in *Wilkinson, supra,* the Court enlarged *Heck*'s and *Balisok's* holdings, which were limited to claims for damages and declaratory relief, when it determined that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." 544 U.S. at 81-82, 125 S.Ct. at 1248.

In the present action, if the Court were to rule favorably on Jones's claim that the evidence was insufficient to support his probation revocation, his probation revocation would be undermined. However, Jones's complaint and his responses to the Court's interrogatories do not show that his probation revocation has been previously invalidated. Because no showing of his probation revocation's invalidation was made in this action, Jones cannot proceed with this § 1983 action for damages and declaratory relief at this time. *See Wilkinson, supra; Balisok, supra*; *Heck, supra*; *McAteer v.*

*McCooey,* 2011 WL 738868, at *1-2 (M.D. Ala. 2011) (unpublished).  That is, no § 1983 cause of action exists until his probation revocation is invalidated.  Thus, this action is due to be dismissed with prejudice as frivolous.  *See Abella,* 63 F.3d at 1065 (dismissing *Bivens* claims with prejudice as they were not ripe).[5]

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if

---

[5] On another note, the *Abella* Court observed that the better practice is to dismiss those defendants entitled to absolute immunity before addressing a complaint on ripeness grounds so they will not be sued in a future action once invalidation has occurred.  *Abella,* 63 F.3d at 1065 n.3.  This Report and Recommendation has followed this direction in finding that defendant Williams is entitled to absolute witness immunity from damages, as well as finding that a § 1983 action challenging Jones's probation revocation is not ripe.

necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 16th day of October, 2017.


s/ P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE